## Case No. 3,942.

### DOBBIN v. FOYLES.

[2 Cranch, C. C. 65.][2]

Circuit Court, District of Columbia. Dec. Term, 1812.

NEGLIGENCE—PLEADING—JOINDER OF COUNTS—SPECIAL DEMURRER.

1. Upon a count charging negligence of the defendant and his servants, it is sufficient to prove negligence of the servant.

2. A count for injuring the plaintiff's mare by negligence, and a count upon a promise to return the mare safe, may be joined; and advantage can only be taken of the misjoinder (if it be one) by special demurrer.

Action on the case, upon the loan of a mare by the plaintiff to the defendant, who injured her by bad treatment and negligence. The declaration averred the negligence and bad treatment to have been by the defendant and his servants.

F. S. Key, for defendant, prayed the court to instruct the jury that they must be satisfied, by the evidence, that the negligence was that of the defendant himself, and that the negligence of the servants is not sufficient; and cited the case of Dunlop v. Munroe [Case No. 4,167].

But THE COURT (nem. con.) refused.

The declaration contained two counts. The first count stated that the plaintiff loaned a mare to the defendant, at his request, who promised to treat her well and return her safe, but by negligence and mismanagement of the defendant and his servants, she was injured, &c. The second count stated that the plaintiff loaned the mare to the defendant at his request, and he promised to return her safe but did not.

The defendant pleaded not guilty, gener-

ally, and the verdict being against him, he moved in arrest of judgment, because the counts are inconsistent and require separate pleas and judgments.

THE COURT, however, refused to arrest the judgment, being of opinion that both counts were good, and if not strictly proper to be joined, that the remedy was by special demurrer. See 4 Bac. Abr. 11, 12, and Whyte v. Rysden, Cro. Car. 20.